the court will now call case number one one nine eight six Oh people of the state of Illinois versus Jose Valdez are you ready to proceed I believe ready may please the court counsel I'm assistant attorney general Lindsay Payne on behalf of the people the defendant has failed to prove that he was denied the effective assistance of plea counsel for three reasons first Padilla v Kentucky requires a heightened warning about presumptively mandatory removal only where that consequence is clear from the face of the removal statute and here it was not second even if some crimes are so clearly crimes involving moral turpitude that they require a heightened warning under Padilla defendants burglary conviction here was not so clear and third even if a heightened warning were required in this case defendant has failed to establish prejudice under Strickland Padilla requires a heightened warning only where the immigration consequences are succinct clear and explicit from the classifications of crimes from those crimes identified in the statute itself and the majority approvingly cited Justice Alito's concurrence that highlights crimes involving moral turpitude as the quintessential example of a class of crimes that are not so clear from the removal statute that they require a heightened warning and that counsel cannot reasonably be expected to on its face that would subject a defendant to presumptively mandatory removal they include controlled substances offenses as in Padilla itself firearms offenses espionage offenses certain domestic violence crimes human trafficking and other specifically enumerated offenses it's those enumerated offenses that are so clear from the statute that Padilla requires a moral turpitude in contrast our general classification of crime and one cannot determine the scope of that classification just by reading the statute so the most straightforward reading of Padilla is that the entire class of crimes involving moral turpitude along with other general classifications of crimes such as aggravated felonies are not so clear to criminal defense counsel that they require a heightened warning under instead they require a general warning of the risk of immigration consequences now at a minimum crimes that fail to satisfy the categorical test for crimes involving moral turpitude do not so clearly result in mandatory removal that Padilla requires a heightened warning and that is so even if research would lead defense counsel to conclude that the crime may be a crime involving moral turpitude once we move beyond the categorical test for crimes involving moral turpitude the analysis requires counsel to conduct comprehensive research of ever-changing immigration common law and to compare her clients specific criminal conduct to the conduct of other individuals who have violated other statutes in other jurisdictions so defendants proposed standard essentially expects criminal defense counsel to possess the knowledge of a seasoned immigration practitioner and he's setting as a constitutional floor under the Sixth Amendment counsel's ability to discern the exact contours of an undefined term he offers no line for when a crime is so clearly a crime involving moral turpitude that a heightened warning is required under Padilla and in failing to offer a line he actually ends up erring on the side of misinformation because it's always correct for criminal defense counsel to warn her non-citizen client that a guilty plea could result in his removal from the country in that situation the client so advised could consult with an immigration attorney and weigh the options before him but a warning that if the client pleads guilty he will be removed from the country may well be incorrect and that incorrect advice has its own negative consequences for the client so unless the law is unquestionably clear that the consequence of the guilty plea will be presumptively mandatory removal we should not put criminal defense counsel in the position of having to predict what federal authorities will or will not do even plea withdrawal counsel in this very case wasn't certain that defendants burglary conviction was a crime involving moral turpitude this was after having raised the claim under Padilla at the plea withdrawal hearing counsel noted that the term crime involving moral turpitude is undefined that he had conducted research and after conducting the research he had not found a clear answer to what that term means but that he hadn't had concluded that the defendants burglary was quote probably underneath the rubric of moral turpitude if probably is about as certain as we can expect defense counsel to be and that does not meet Padilla's requirements for a heightened warning so if this court reads Padilla as requiring a heightened warning in for any crimes other than those identified in the removal statute itself then the court should hold that crimes such as defendants here that failed to satisfy the categorical test do not require the heightened warning instead they require only a general warning of the risk of immigration consequences now even if the court were to hold that defendant was owed a presumptively mandatory removal in this case he's failed to demonstrate prejudice under Strickland after Padilla defendant still bears the burden of showing that there's a reasonable probability that but for counsel's error he would have rejected the plea and insisted on going to trial here defendant has failed to support his claim of prejudice with rational reasons to risk a seven-year prison term for a very slim chance of staying in the country I would note that defendant was aided by an interpreter throughout all of his proceedings in the court and in his meetings with counsel in case that wasn't clear to the court and and when defendant testified under oath at the plea hearing he never claimed that although he was warned if you plead guilty you could be removed from the his mind had he been warned if you plead guilty your removal will be presumptively mandatory defendant never cited his family as a reason that he wished to stay in the country he never claimed to have particularly strong ties to the United States and in fact had only been in the country for a few months at the time he committed the crime and when he subsequently pled guilty he's never claimed that he would face persecution were he to return to the Dominican Republic and he didn't articulate a plausible defense to the crime charged when he was asked directly at the plea withdrawal hearing why he pled guilty he said that it was because he didn't think he had a defense to the crime charged and that's consistent with what he told the court at the plea hearing so nothing about counsel's warnings or lack thereof changes the self for pleading guilty all of that has to be weighed along with the fact that here we have overwhelming evidence of defendants guilt and that we know he was on notice that Immigrations and Customs Enforcement believed he was removable based upon the crime charged I'd like to ask the question in deciding whether the defendant's guilty plea subjects him to mandatory deportation do we look at the crime of burglary or burglary with intent to commit that which one do we look at I think what what we have to ask is what would prudent defense counsel do in this situation to determine the immigration consequences for her client and and I think that defendant is wrong to suggest that counsel would automatically jump to looking at burglary predicated on that defense counsel doesn't have the path laid out for her she doesn't know that perhaps theft is the defining characteristic that is going to change whether this is presumptively mandatory removal or some other category and so I think that prudent counsel would first have to educate herself on what the test is for determining whether a crime is a crime involving moral turpitude she would find this three-part test she would have to start at step one and look at the crime that was actually charged which is here burglary she would find that it was not categorically a crime involving moral turpitude and then would have to expand her research into this broad-ranging national research involving burglary statutes that have different wording different factors comparing her clients conduct to other individuals and I think that's where we very clearly have gone far afield of succinct clear and explicit as required by Padilla and it's it's the same problem that you know is a familiar problem in Strickland avoiding the problem of hindsight we can't look at the conclusion defendant has reached here and say well defendant found these cases therefore it was clear we have to look at the realities that defense counsel is facing and and it's also important to remember here on the prejudice prong that that we aren't comparing the difference between no warning and some warning we're comparing the difference between a warning that if you plead guilty you could be removed from the country and the warning if you guilty your removal from the country will be presumptively mandatory and it's defendants burden to provide rational reasons why he would plead guilty after having been told he could be removed from the country but he would not plead guilty if he had been told if you plead guilty it will be presumptively mandatory he was given the opportunity to provide those reasons under oath at the plea withdrawal hearing and he failed to satisfy that burden and for that reason and and the other reasons particularly looking at the the most straightforward reading of Padilla in this case we would ask the court to reverse the judgment below if there's no further questions there are any questions counsel thank you good morning your honors morning may please the court my name is Santiago Durango I'm an assistant appellate defender with the office of the state appellate defender and I represent the defendant appellee in this appeal mr. Josue Valdez your honors a decision by this court in favor of the defendant will not require defense counsel in this state to become experts in immigration law the reason for that is fairly straightforward under Padilla defense counsel at a minimum must look at the removal statute to see whether his client's crime exposes him to deportation the crime listed in the removal statute that it says at issue in this case concerns crimes involving moral turpitude now the defendant has acknowledged that sometimes it's hard to determine whether a particular crime is a crime involving moral turpitude the state has relied heavily on cases where it has been hard to determine whether a crime is a crime involving moral turpitude so for example it has been questioned whether substantial battery is a crime involving moral turpitude whether tampering with records is a crime involving moral turpitudes whether child neglect is a crime involving moral turpitude but this case does not involve one of these marginal cases and when I say marginal I'm using language from the Supreme Court's decision in Jordan versus to George that decision is important in this case because the argument made in that decision is the same argument the state is making in this case and that is that it's too hard to define what a crime involving moral turpitude is in Jordan the court said no not really the term is not fake and the court concluded that fraud has universally been recognized as being a crime involving moral turpitude the court went through an analysis which I think this court would find helpful looking at the history of the term looking at the case law from the states and concluded that fraud has historically been a crime involving moral turpitude it is malum and say it is inherently wrong the crime in this case is the same sort of crime it's a crime involving theft that has historically been a crime involving moral turpitude I cited a case in my brief Killingsgate from 1929 tracing the history of theft back to the common law where there was no need for a statutory prohibition against theft because it is a crime involving moral moral moral turpitude it is malum and say you do not require a written law to know that theft is wrong inherently wrong is that equate then to being succinct clear and explicit language of the immigration statute that the mandatory admonishment must be given if we say historically theft is considered a crime involving moral turpitude yes thank you for that question the state has misread the removal statute they read it as misrepudia as requiring that the crime be expressly stated as being resulting in mandatory deportation in the removal statute as the crime impedia where you could look at the statute and if you were convicted of possessing more than one ounce of cannabis you face deportation but that's not where Padilla ended the other didn't say all you need to do is look at the removal statute that is nowhere to be found in that decision Padilla said that you look at the law the law encompasses statute and case law there's another part of the that is critical in this case and that the state overlooks in arguing that we must look solely to the removal statute to determine whether the crime is one that will result in automatic deportation the DM also mentions that it expects counsel to look at the practice guides that was not an accident so Padilla says we must look to the removal statute and to the practice guide in this aspect of the decision is very important because what the court did there was that it took what had been a footnote in st. Cyr ins versus st. Cyr where the court said if your clients qualifies for a waiver of deportation from the Attorney General counsel should look at the practice guides to see if he will fall within that waiver situation the court took that footnote and moved it into the text of the decision in Padilla meaning that the court believed that was an important addition and consideration in these matters is the older case cited by the state helpful to the state's case I mean they're position that non-residential burglaries like defendants that doesn't enforce that has neither force or deception as part of it would not be it simply committing a burglary without that is not a crime involving moral turpitude and our argument is that head counsel realized that burglary involving that the charge defense in this case and the offense that the defendant pled guilty to head counsel factored the fact that that would lead to deportation of my client my client could have tried to work out a plea deal to simple burglary without that criminal trespassed property in Illinois because that is not a deportable offense that is not a crime involving moral turpitude you briefly just really briefly tell us the facts of the case of the burglary yes your honor what happened in this case was that the defendant lived with his wife in a house where the neighboring building was an occupied but held the possessions of the Petersons family at one point the Petersons had small horses walking around the property sort of an attractive nuisance there was no locked door to the house to the building the defendant went over to look at the horses and according to him he smelled an odor coming from the building open and unlocked door which means that anybody could have entered that building and and simply looked around and came back out that is what his version of what was the state's version that he pled guilty to the state's version was that he instead of just simply looking inside to check on the odor actually removed the ring and some earrings from the from the building according to the defendant he actually found those items now the reason that the state knew that he may have taken these items all of this was from what he told his wife which would have been protected under the marital council I understand and correct me if I'm wrong that the judge in this case on at least two occasions admonish the defendant that there could be deportation consequences immigration consequences to his plea yes what more should the judge have done nothing more the burden is not on the judge the burden is on counsel under Padilla the judge did nothing improper in this case but trial judges don't like to get reversed for something that they could they could have avoided or should have avoided is should the judge you've taken any additional ask the council what they advised him or anything like that well the judge eventually did find and what is an unusual situation the trial judge found that counsel had been ineffective after the judge became aware of everything that transpired we don't see many cases where the trial judge finds defense counsel ineffective at the same proceeding getting so if I may get back to why this case would not call for a decision where defense lawyers in this state will feel compelled to become familiar or expert in the immigration law there's a certain set of crimes involving moral turpitude that are in a category where it is understood without any analysis that they are crimes involving those would include include fraud as the Supreme Court explained in that as in this case it would include murder on their face those those crimes involve moral turpitude and counsel should have known that theft is a crime involving moral turpitude in this case because of this court's decision in Ray Himmel that's a decision that every lawyer in the state knows it's a crime involving moral turpitude in that case counsel had converted funds based simply on in Ray Himmel the lawyer in this case and the lawyer and other immigration cases should know that that is a crime that is a crime involving moral turpitude so by looking at the immigration statute knowing that theft is a crime involving moral turpitude putting those two together counsel in this case should have seen that by having a lot by allowing his client to plead guilty to burglary with attempt to commit a theft his client would then be exposed to presumptively mandatory deportation counsel was ineffective for not informing his client of this possible outcome and at a minimum trying to negotiate a plea to criminal trespass to property which would not have resulted in deportation consequences because it does not involve that simply to summarize yes there are cases where it's hard to determine whether the crime involved is a crime of moral turpitude but there are other cases where it's easy to determine whether the crime is a crime involving moral turpitude murder theft fraud rape we know those cases involve moral turpitude without having to undertake any categorical test without having to do any research we know those crimes involve moral turpitude and if a non-citizen is pleading guilty to such a crime he will face presumptively mandatory deportation simply from counsel reading the removal statute now the state has argued that the defendant did not adequately plead or show prejudice again the state misunderstands the test that is not the test the test is objective what Padilla said was that it's for the court to determine whether under the circumstances it would have been rational for the defendant to reject the plea that is the test it's not required the defendant to argue at the post plea hearing that you would have requested a trial or to make these other assertions that the state is he should have made instead the test requires the court to look and see whether under the circumstances that were present at the time he pled guilty it would have been rational for him to reject plea under the circumstances in this case it would have been rational for the defendant to reject plea he had a baby daughter he had been reluctant to plead guilty the guilty plea had to be stopped because he was so reluctant to plead guilty it had to be the cause had to be reconvened and there was a second hearing whether again the defendant showed great reluctance and as the appellate court put it it seemed that he actually pled guilty to avoid the deportation consequences he said there was no need for the defendant to indicate that he would have risked the seven years if he had known about the removal that's wrong and in the trial judge has to objectively look at whether or not it made sense basically can the trial can the can the court take into account the fact that the defendant never did make that statement in making that determination your honor the the request for a new trial or for a new plea hearing where there's an opportunity to maybe plead to a lesser offense that will not result in deportation it seems to me that is baked into the motion to withdraw the guilty plea why else file a motion to withdraw the guilty plea if those matters are not already baked into the motion to withdraw it almost goes without saying that the defendant wants a new trial or wants to plead again to a lesser offense that will not result in deportation there's no other explanation for filing a motion to withdraw the guilty plea in this case in addition the defendant had a baby daughter in the country had a defense of where he could have asserted the marital privilege it would have been hard for the state to prove its allegations and most importantly he could have pled guilty to criminal trespass to property in order to avoid deportation so under the circumstances it would have been rational for him to reject the plea so there was prejudice in this case in short your honors it would have been easy for counsel to determine that my client faced deportation by pleading guilty to that offense has the element of theft which is a crime involving moral turpitude and my client was prejudiced by counsel's ineffectiveness because under the circumstances he would have rejected the plea finally ruling in favor of my client under these under the reasoning that I've proposed to the court would not force or suggest to defense lawyers in this state that it's necessary to become experts in criminal in immigration law pardon me when representing non-citizen defendants this case is an easy case that falls within the easy part of so for these reasons your honors we would ask that this court affirm the appellate court if the court has any further questions thank you thank you your honor may please the court it seems like the the main difference in in the reading of Padilla between the parties really boils down to the distance between a case where counsel could ultimately reach the conclusion that the crime charged was a crime involving moral turpitude and what is actually succinct clear and explicit the defendant just pointed the court to Jordan V DeGeorge and said that that shows that that crimes involving moral turpitude is is not a difficult term to understand but Jordan V DeGeorge holds that that term is not void for vagueness there is a massive chasm between what's not void for vagueness and what is succinct clear and explicit and ultimately concluding as as one might in this case that defendants particular crime was a crime involving moral turpitude does not mean that it was succinct clear and explicit to defense counsel we're again falling into the trap of hindsight and saying well doing all this research this research that is taken over a hundred of pages of briefing by the parties before this court to lay out what counsel would ultimately find once we make that defendant again compares this to other crimes that he says are clearly morally turpitudinous such as murder it would be irresponsible for defense counsel in this situation to just decide that a man as a matter of common sense she's going to advise her client that he will be removed from the country if he pleads guilty because she thinks common sense says this is morally turpitudinous murder if we are if we put aside the most straightforward reading of Padilla which is that crimes involving moral turpitude just aren't clear enough to require a heightened warning if we put that aside murder is a good example of a crime that one might be tempted to say common sense says this is morally turpitudinous that actually supports the people's position but the morally turpitudinous part of murder is is the killing someone aspect of that crime and one cannot violate the murder statute without killing someone therefore murder is categorically a crime involving moral turpitude whereas burglary is not and again prudent counsel is going to start with the crime charged she's not gonna start with theft because she has no basis to think that that is going to be the defining characteristic of the crime charged. Defendant mentioned to the court that another basis for counsel's ineffectiveness in this case was the failure to charge bargain and he defense counsel could not have charged bargain in this case and this is all tied up in how complicated crimes involving moral turpitude are the fact that there is a circuit split amongst the federal circuits and that within the Seventh Circuit it was defendants specific conduct that was determinative in this case and because the immigration court can look at all of the evidence of defendants conduct including the police reports in this case to determine why he was arrested and charged and they would see that he was arrested and charged because he illegally entered a building and he removed personal property that qualifies as a crime involving moral turpitude so counsel could not have charged bargained in this case moreover the the marital privilege would not have detracted from the overwhelming evidence in this case at most two statements would have been excluded under the marital privilege one was that defendant told his wife that he had obtained the ring and earrings in the Dominican Republic as something having to do with his graduation from school that was that would be potentially excluded also potentially excluded would be his wife's statement to defendant at the time he was entering the building that he shouldn't do that because he could get in trouble everything else would have been admissible including defendants admission to the police that he had illegally entered the property prior to the property the ring and earrings being missing he said that he entered the building because he thought it smelled bad and he wanted to investigate we would have the personal account of his wife watching him enter the building at that time multiple accounts of people viewing him with the missing personal property his admission to the police that he did possess the missing personal property and then him leading the police back into the house and taking them to the personal property where he admitted he had again illegally entered the house and returned it so the evidence here was overwhelming and any exclusion under the marital privilege wouldn't have changed that council just back to the burglary aspect of this how do you address counsel's argument that this was burglary predicated on I he's right that ultimately theft was a part of it but doesn't acknowledge that that takes you to at least the second step of the three-step test for determining what is and is not a crime involving moral turpitude that it's not even a separate subsection under the burglary statute the crime is burglary and and there's no reason why again viewing this from the viewpoint of reasonable defense counsel defense would start with researching whether theft and then the prejudice issue counsel indicated that the fact that the defendant would not have taken the deal if he had known about the deportation he indicated that that's baked into the motion itself I think he's he's absolutely incorrect about how the prejudice analysis should be conducted one this course foreclosed the argument in people views that it's enough to say in your motion I wouldn't have pled guilty had I known you have to do more you have to demonstrate a rational credible reason why you would have done that and his approach would gut the prejudice requirement under Padilla because the court could always objectively surmise potential reasons why someone might want to stay in the country he has to do more he had the opportunity to do more and he did not provide those rational reasons and even in Padilla itself the court noted that Padilla had been in the country for 40 years it was in every way his home it was where all of his familial ties were he had served his country in Vietnam and there the court still said we have to send this back for a hearing for Padilla to tell us what his reasons were if if defendant was correct about how to approach the prejudice requirement the US Supreme Court would not have needed to remand Padilla for further investigation it would be enough to say well in this situation he's been here for 40 years that could be rational so I think he's he's wrong defendant had to do more here if there's no further questions we'd ask the case number one one nine eight six oh people the state of Illinois versus Josue Valdez will be taken under advisement as agenda number two inspired pain and mr. Durango thank you for your arguments this morning you're both excused at this time marshal the Supreme Court stands in recess until 9 a.m.